**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4178**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISMIL RASHEED JEFFERS, a/k/a Ismil Gray,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:16-cr-00079-FL-1)

Submitted: December 29, 2017                     Decided: February 13, 2018

Before MOTZ, TRAXLER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott L. Wilkinson, SCOTT L. WILKINSON & ASSOCIATES, P.C., Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismil Rasheed Jeffers pled guilty, pursuant to a plea agreement, to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether (1) the district court erred in applying U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2016) because Jeffers did not have two prior convictions for crimes of violence or controlled substance offenses; and (2) the district court erred in enhancing Jeffers' sentence based on the possession of three to seven firearms under USSG § 2K2.1(b)(1)(A). Jeffers has filed a pro se brief alleging that the district court erred by: (1) failing to group the offenses for sentencing purposes; (2) assigning three criminal history points for a previous conviction; and (3) applying a sentencing enhancement for obstruction of justice. He also reiterates counsel's arguments regarding the firearm enhancement and the § 2K2.1(a)(2) enhancement. We affirm.

With regard to Jeffers' first argument, we conclude that the district court did not err in applying USSG § 2K2.1(a)(2). Under either the 2015 or 2016 version of the Sentencing Guidelines, Jeffers' prior North Carolina conviction for common law robbery qualifies as a crime of violence. *See United States v. Gattis*, 877 F.3d 150, 158 (4th Cir. 2017) (holding that North Carolina common law robbery matches generic contemporary meaning of robbery); *United States v. Williams*, 697 Fed. App'x 209, 210–11 (concluding that North Carolina common law robbery is a crime of violence under the 2015 Sentencing Guidelines). As to Jeffers' North Carolina conviction for possession with

2

intent to manufacture, sell, or deliver heroin, the Guidelines define a controlled substance offense as any "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). North Carolina law provides that it is unlawful for any person to "possess with intent to manufacture, sell or deliver, a controlled substance." N.C. Gen. Stat. § 90-95(a)(1) (2015). Heroin, the drug involved in the predicate offense at issue, is classified as a Schedule I narcotic. N.C. Gen. Stat. § 90-89(2)(j) (2015). Possession with intent to distribute a Schedule I narcotic constitutes a Class H felony, N.C. Gen. Stat. § 90-95(a), (b)(1) (2015), which is punishable by up to 14 months' imprisonment. N.C. Gen. Stat. § 15A-1340.17(c), (d) (2015). Thus, Jeffers' conviction fits comfortably within the definition of a controlled substance offense.

We also conclude that sufficient evidence supported the district court's factual conclusion that Jeffers possessed a firearm in September 2015. *See United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (holding factual Guidelines errors are reviewed for clear error). Notably, Jeffers was driving and was in control of the vehicle in which the firearm was discovered beneath Jeffers' seat and within his reach, and a statement given by a passenger supported the conclusion that the firearm belonged to Jeffers. The sum of the evidence indicates that Jeffers at least constructively possessed the firearm. *See United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (setting forth standard for constructive possession). Therefore, the district court's conclusion is not clearly erroneous.

In accordance with *Anders*, we have reviewed the entire record in this case including the issues raised in Jeffers' pro se brief, and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jeffers, in writing, of the right to petition the Supreme Court of the United States for further review. If Jeffers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jeffers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*